UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LOWELL B. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-03978-TWP-MPB |
| | ) | |
| PLAINFIELD CORRECTIONAL FACILITY, | ) | |
| RICE, | ) | |
| J. TOMAW, | ) | |
| RAYMOND KINISON, | ) | |
| STANLEY KNIGHT, | ) | |
| JONES, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening Complaint and Directing Further Proceedings**

**I. Screening Standard**

The plaintiff is a prisoner currently incarcerated at Plainfield Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

Plaintiff Lowell B. Smith filed this civil action against 1) Plainfield Correctional Facility, 2) Sgt. Rice, 3) Lt. J. Tomaw, 4) Raymond Kinison, 5) Warden Stanley Knight and 6) Mr. Jones, Caseworker. He seeks $200,000.00 in damages. The complaint is understood to be brought pursuant to 42 U.S.C. § 1983.

Mr. Smith alleges that he is being denied food. He explains that he uses a wheelchair and requires someone to push him to the chow hall. He alleges the following. Finding someone to push his wheelchair is the officers' responsibility. On December 12, 2018, Mr. Smith and two other inmates in wheelchairs were denied pushers and as a result were denied breakfast. Sgt. Rice and Lt. J. Tomaw were responsible for both the denial of the wheelchair pusher and the resulting denial of breakfast. Mr. Smith further alleges that he has been denied a wheelchair pusher and meals out of retaliation for filing a complaint about unsafe and dangerous walkways at Plainfield Correctional Facility.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

**A.     Americans with Disabilities Act and Rehabilitation Act Claims**

As a preliminary matter, this Court acknowledges that construed broadly the allegations in the complaint could be understood to allege a claim under Title II of the Americans with

2

Disabilities Act and Section 504 of the Rehabilitation Act. To the extent Mr. Smith wants to pursue his claim that he has been denied access to the chow hall because of his disability, he should do so in case number 1:18-cv-3915-JPH-DLP. That action alleges that the Indiana Department of Correction violated the Rehabilitation Act by denying Mr. Smith safe access to the chow hall on December 4, 2018.

**B.     Section 1983 Claims**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). For the reasons explained below, the rights at issue are based on the First and Eighth Amendments.

**1.  Eighth Amendment Claims**

This action shall proceed based on the claim that Sgt. Rice, and Lt. J. Tomaw denied Mr. Smith adequate food in violation of the Eighth Amendment. The complaint is understood to allege the denial of more than a single meal. The Constitution mandates that prison officials provide inmates with "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015) (quoting *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985)).

### 2. First Amendment Claims

In addition, the allegations that Sgt. Rice and Lt. J. Tomaw denied Mr. Smith a wheelchair pusher and meals out of retaliation for filing a complaint about unsafe and dangerous walkways at Plainfield Correctional Facility states a First Amendment claim. *Archer v. Chisholm*, 870 F.3d 603, 618 (7th Cir. 2017) ("To state a First Amendment retaliation claim, [the plaintiff] must allege that: (1) [he] engaged in activity protected by the First Amendment; (2) [he] suffered a deprivation that would likely deter First Amendment activity; and (3) the protected activity [he] engaged in was at least a motivating factor for the retaliatory action.").

### 3. Plainfield Correctional Facility

Plainfield Correctional Facility is dismissed for failure to state a claim upon which relief can be granted because it is a building, not a suable entity under 42 U.S.C. § 1983. *White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018), *cert. denied*, 139 S. Ct. 107 (2018); *Looney v. Miami Corr. Facility*, No. 3:18CV18-PPS/MGG, 2018 WL 1992197, at *2 (N.D. Ind. Apr. 27, 2018) (dismissing Miami Correctional Facility).

### 4. Stanley Knight, Raymond Kinison, and Mr. Jones

The claims against Stanley Knight, Raymond Kinison and Mr. Jones are also dismissed for failure to state a claim upon which relief may be granted. "Section 1983 imposes liability only on an official who 'subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'" *Hoffman v. Knoebel*, 894 F.3d 836, 841 (7th Cir. 2018) (quoting 42 U.S.C. § 1983). "In other words, the official's act must both be the cause-in-fact of the injury and its proximate cause." *Id.* (citing *Whitlock v. Brueggemann*, 682 F.3d 567, 582 (7th Cir. 2012)).

There are no facts alleged in the complaint upon which to conclude that Stanley Knight, Raymond Kinison, or Mr. Jones were personally responsible for denying Mr. Smith adequate food.

## IV. Conclusion

The First and Eighth Amendment claims alleged against Sgt. Rice and Lt. J. Tomaw shall proceed as submitted. This summary of remaining claims includes all the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through February 27, 2019,** in which to identify those claims.

Plainfield Correctional Facility, Stanley Knight, Raymond Kinison and Mr. Jones are dismissed. The **clerk is directed** to terminate these defendants on the docket.

## V. Service of Process

The clerk is directed pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Sgt. Rice and Lt. J. Tomaw in the manner specified by Rule 4(d). Process shall consist of the complaint filed on December 12, 2018, (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

**IT IS SO ORDERED.**

Date: 2/8/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

LOWELL B. SMITH
251281
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Electronic service to:

    Sgt. Rice and Lt. J. Tomaw
    (Both at Plainfield Correctional Facility)